## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOANNIE RIVERA and KAYLA JACOBS** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION 5:19-cv-00105** |
| | § | |
| | § | |
| **WELLS FARGO BANK, N.A.** | § | |
| **Defendants** | § | |

### PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Joannie Rivera and Kayla Jacobs, hereinafter referred to as "Plaintiffs", complaining of Wells Fargo Bank, N.A. ("Wells Fargo"), hereinafter called by name or referred to as "Defendant", and for cause of action would respectfully show unto the Court and jury as follows:

### I.    PARTIES AND VENUE

1.    Plaintiffs, **Joannie Rivera and Kayla Jacobs** are residents of Bexar County, Texas.

2.    Defendant, **Wells Fargo Bank, N. A.** is and at all relevant times was a Foreign Financial Institution doing business in the State of Texas and may be served by private process by delivery of citation to Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

3.    This Court has jurisdiction over the subject matter of this lawsuit because Plaintiff seeks damages as a result of alleged violations of federal statutes.

## II.    <u>FEDERAL QUESTION JURISDICTION AVERMENTS</u>

4.      This action arises under federal law giving this Court original jurisdiction pursuant to Title 28 U.S.C. §§1331,1337. In addition to the averments set forth in this Complaint, including under the "Statement of the Claim" and "Causes of Action" and "Damages," the following averments are made in support of this Court's original jurisdiction over this matter:

a.      At all times relevant, Defendant was an employer of Plaintiffs within the meaning of the FLSA Title 29 U.S.C. § 201 et. seq.;

b.      At all times relevant, Defendant has been an "employer" which employed "employees" and "engaged in commerce ... [and] an enterprise engaged in commerce" as provided by Title 29 U.S.C. § 207(a)(1);

c.      Defendant employed persons for workweeks wherein such persons worked in excess of forty hours (40) per workweek and yet were denied compensation for such excess employment/work, in violation of Title 29 U.S.C. § 215(a)(3) of the FLSA;

d.      Plaintiffs became aware of Defendant's failure to pay overtime and, in response, engaged in activity protected under the FLSA, including reporting to Defendant that Defendant was engaged in acts and practices which constituted violations of law under the FLSA;

e.      In response to Plaintiffs' protected activity, Defendant engaged in retaliatory and discriminatory conduct toward Plaintiffs and, ultimately, wrongfully discharged Plaintiffs from Defendant's employ, in violation of Title 29 U.S.C. § 215(a)(3);

f.      Defendant's violation of Title 29 U.S.C. § 215(a)(3) makes Defendant liable under 29 U.S.C. § 216(b) for such legal and equitable relief as may be appropriate to effectuate the purpose of FLSA Title 29 U.S.C. § 201 *et seq*, and, by this action, Plaintiffs seek judgment against

Defendant for all such legal and equitable relief as may be appropriate.

### III.    VENUE FACTS

5.    Venue is proper in the Western District of Texas because Plaintiffs worked for Defendant Wells Fargo in Bexar County, Texas and the retaliatory acts occurred in Bexar County, Texas.

### IV.    STATEMENT OF CLAIM

a.    **Plaintiff Rivera's employment relationship with Wells Fargo.**

6.    Ms. Rivera was terminated in March 2017 (after eleven-years of employment with Wells Fargo) as an act of retaliation for her asserting her rights to her supervisor and to Human Resources (HR) with respect to unpaid overtime in accordance with the Fair Labor Standards Act. Ms. Rivera orally complained to Wells Fargo Human Resources about employees in the Mortgage Mediation Underwriting Department being forced to work overtime hours to be able to meet the unattainable goals set by Wells Fargo, while not being paid for those hours.  In response to the complaints regarding unpaid overtime, Ms. Rivera was told by HR to submit her hours of overtime to her supervisor, Evelyn Montez, which she did.  Ms. Montez then instructed her to reduce the hours and began a campaign of harassment and retaliation which ultimately led to her being discharged from her position with Wells Fargo for alleged performance issues on March 13, 2017.

7.    The complaints with respect to unpaid overtime were made verbally to Montez and Human Resources.  Oral complaints are a protected activity under the FLSA.  See *Kasten v. Saint Gobain Performance Plastics Corp*., 563 U.S. 1 (2011).

b.    **Plaintiff Jacobs' employment relationship with Wells Fargo.**

8.    Ms. Jacobs was terminated in March 2017 (after eight-years of employment with Wells Fargo) as an act of retaliation for her asserting her rights with respect to unpaid overtime in

accordance with the FLSA.  Ms. Jacobs orally complained to Wells Fargo Human Resources about employees in the Mortgage Mediation Underwriting Department being forced to work overtime hours to be able to meet the unattainable goals set by Wells Fargo, while not being paid for those hours.  In response to the complaints regarding unpaid overtime, Ms. Jacobs was told by Human Resources (HR) to submit her hours of overtime to her supervisor, Evelyn Montez, which she did. Ms. Montez then began a campaign of harassment and retaliation (which Ms. Jacobs reported to HR) which ultimately led to her being discharged from her position with Wells Fargo for alleged performance issues.

9.      The complaints with respect to unpaid overtime were made verbally to Montez and Human Resources.  Oral complaints are a protected activity under the FLSA.  See *Kasten v. Saint Gobain Performance Plastics Corp.*, 563 U.S. 1 (2011).

**c.      Plaintiffs engage in protected activity under the FLSA.**

10.      The Fair Labor Standards Act makes it unlawful for any employer to discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this act generally…See 29 U.S.C. §215(a)(3).  An adverse employment action is a violation of the anti-retaliation provision if the motivating reason is the employee's exercise of his or her rights under the Act, even if other grounds for discharge exist.

11.      The complaints and resulting action on the part of Wells Fargo described above constitute a protected activity and retaliation based on that protected activity.  A reasonable, objective person would have understood that Ms. Rivera and Ms. Jacobs, by their complaints, were asserting statutory rights  under the Act.  The purpose of the Act is to prohibit "labor conditions detrimental to the maintenance of the minimum standard of living necessary for the health,

efficiency, and general well-being of workers". 29 U.S.C. §202(a). The Act relies for enforcement of these standards upon information and complaints received from employees seeking to vindicate rights claimed to have been denied. Further, the anti-retaliation makes enforcement effective by preventing fear of economic retaliation. *Mitchell v. Robert DeMario Jewelry, Inc.*, 36 U.S. 288, 292 (1960).

## IV.   <u>CAUSES OF ACTION</u>

12.     Defendants operate an enterprise engaged in commerce within the meaning of the FLS A, Title 29 U.S.C. §201 et seq.

13.     During all times relevant to this complaint, Defendant, as an employer, employed Rivera and Jacobs as employees within the meaning of the FLSA.

14.     While employed by Defendant, Rivera and Jacobs engaged in activity protected by the FLSA under Title 29 U.S.C. § 215(a)(3).

15.     Defendants deliberately and intentionally retaliated against and ultimately wrongfully discharged Rivera and Jacobs as a result of their engaging in such protected activity and, in so doing, have violated Title 29 U.S.C. § 215(a)(3).

## V.   <u>ACTUAL DAMAGES</u>

16.     Rivera and Jacobs contend that as a result of Defendant's wrongful conduct, each has suffered actual damages including the following damages:

A.     severe mental anguish and emotional distress;

B.     lost wages and employee benefits in the past; and

C.     loss of wage-earning capacity in the future.

17.     Rivera and Jacobs each plead for fair and reasonable compensation for their respective actual damages as authorized by the FLSA, particularly 29 U.S.C. § 216(b).

18.     Rivera and Jacobs each seek to recover all reasonable attorneys' fees and costs which have been and will be incurred as a result of the prosecution of this case as authorized by the FLSA, particularly 29 U.S.C. § 216(b).

## VI.     EXEMPLARY DAMAGES

19.     The FLSA authorizes Rivera and Jacobs to recover from Defendant exemplary damages. Accordingly, Rivera and Jacobs each plead for an amount of exemplary damages sufficient to adequately punish Defendant and serve as an adequate warning to other employers.

## VII.     DEMAND FOR JUDGMENT

WHEREFORE, PREMISES CONSIDERED, Plaintiff Joannie Rivera and Kayla Jacobs pray that Defendant be cited to appear and answer herein and that upon final hearing, Plaintiffs have judgment against Defendant for all damages alleged and pleaded herein, prejudgment interest as allowed by law, post-judgment interest, court costs and for such other and further relief to which they may show themselves to be entitled.

Respectfully Submitted,

Law Offices of Paul G. Vick
Spectrum Circle
12703 Spectrum Drive, Suite 103
San Antonio, Texas 78249
210-735-1794
210-733-7510 fax

By:     */s/ Paul G. Vick*
Paul G. Vick
State Bar No. 20563950
Attorneys for Rivera and Jacobs